UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

RAFAEL GARCIA,                         )
                                       )
          Plaintiff,                   )
                                       )      CIVIL ACTION NO.
VS.                                    )
                                       )      3:08-CV-1306-G
INFRASOURCE TRANSMISSION               )
SERVICES CO., ET AL.,                  )          **ECF**
                                       )
          Defendants.                  )

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of the plaintiff, Rafael Garcia ("Garcia" or "the plaintiff"), for leave to file an amended complaint. For the reasons discussed below, the motion is granted.

I. BACKGROUND

Garcia seeks to amend his complaint to plead that the amount in controversy exceeds $75,000. Motion for Leave to File First Amended Complaint at 2. The defendants, Infrasource Transmission Services Company and Oren Hoyt Fackrell (collectively, "Infrasource" or "the defendants"), filed a motion to dismiss Garcia's claims for lack of jurisdiction because the original complaint does not state the

amount in controversy. Garcia now seeks to amend his answer to correct this omission.

## II. ANALYSIS

Federal Rule of Civil Procedure 15(a) provides that "a party may amend [the party's] pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a); see also *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("[L]eave to amend 'shall be freely given when justice so requires.'"). Whether a motion to amend should be granted is within the discretion of the district court. *Id.* at 182. When exercising its discretion, the court may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc . . . ." *Overseas Inns S.A.P.A. v. United States*, 911 F.2d 1146, 1150-51 (5th Cir. 1990) (quoting *Foman*, 371 U.S. at 182). The Fifth Circuit, however, has stated that "'discretion' may be a misleading term, for rule 15(a) severely restricts the judge's freedom" to deny leave to amend. *Dussouy v. Gulf Coast Investment Corporation*, 660 F.2d 594, 597 (5th Cir. 1981). Rule 15(a) "evinces a bias in favor of granting leave to amend." *Id.* Thus, "unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id*. at 598.

This is Garcia's first motion for leave to amend his complaint. He has thus not repeatedly failed to cure deficiencies by previous amendments. More importantly, there is no suggestion that Garcia has filed this motion in bad faith or for the purpose of undue delay. Rather, Garcia seeks leave to amend his complaint in order to correct an omission in his original complaint and to assert that this court has subject matter jurisdiction. The defendants offer no reason, let alone a substantial reason, why Garcia should not be allowed to amend his complaint. The motion for leave to amend is therefore granted.

## III. CONCLUSION

For the reasons discussed above, the plaintiff's motion for leave to amend his complaint is **GRANTED**.

**SO ORDERED**.

December 29, 2008.

_____
**A. JOE FISH**
**Senior United States District Judge**